JUDGE KATHLEEN CARDONE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

**FILED**

NOV  8 2018

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

IDAIS, Mahoud S
A # 079-637-894  ICE Processing Center
8915 Montana Avenue
El Paso, Texas 79925

Petitioner,

**EP 18 CV 0341**

v.

No_____

Diane Witte
Field Office Director
Immigration and Customs Enforcement
11541 Montana Ave, Suite E
El Paso, Texas 79936

28 U.S.C. §2241
PETITION FOR WRIT    OF
HABEAS CORPUS AND
RELEASE FROM DETENTION

Jefferson Sessions
Attorney General United States of America
U.S. Department of Justice
950 Pennsylvania Ave, NW
Washington, D.C 20530-0305

Kirstjen Nielsen
Secretary of U.S. Department of Homeland Security
245 Murray Lane S.W.
Washington, D.C. 20528

Respondents,

Petitioner, IDAIS, Mahoud S appearing *pro se,* hereby petitions this Honorable

Court for a writ of habeas corpus and seeks declaratory and injunctive relief to review the

lawfulness of his detention by the United States Department of Homeland Security

("DHS"), Immigration and Customs Enforcement ("ICE") as well as relief from unlawful

deprivation of liberty in violation of the Constitution, the law relating to Immigration,

and binding treaties, or, in the alternative, grant a hearing to address the issues contained

in the instant writ of habeas corpus.

**CUSTODY**

1

1.     Petitioner is in the physical custody of respondents and detained at the ICE Processing Detention Center in El Paso, Texas, pursuant to a contractual agreement with the Department of Homeland Security since May 31, 2018.

### JURISDICTION

2.     This Court posses habeas corpus jurisdiction pursuant to 28 U.S.C. § 2241 et seq. The instant action arises under the Fifth and Fourteen Amendment of the United States Constitution, the Immigration and Nationality Act of 1952, as amended, 8 U.S.C. § 1101 et seq. (the "Act"), and the Administrative Procedure Act, 5 U.S.C. § 701 et seq. (the "APA").

3.     Habeas jurisdiction also lies pursuant to Art I, § 9, C1.2 of the U.S Constitution ("the Suspension clause") and the common law. This Court may also exercise jurisdiction pursuant to 28 U.S.C. § 2241 et seq., 28 U.S.C § 1331, the APA, 5 U.S.C. § 701 et seq., the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and the All Writs Act, 28 U.S.C § 1361.

4.     The REAL ID Act of 2005 (the Act), Pub. L. No. 109-13, 119 Stat 231 (May 11, 2005) divested the district courts of § 2241 habeas corpus petitions attacking removal orders, however, section 106(a) of the REAL ID Act preserves an alien's right to seek relief from unlawful detention. See H.R. Rep. No. 109-72, at 300 (2005).

5.     An alien petitioner's challenge to his detention is independent of his challenge to the removal order therefore this Court has habeas jurisdiction over it. H.R. REP. 109-72, at 175 (2005) (Conf. Rep.) (stating that the Real ID Act does not "preclude habeas review over challenges to detention that are independent of challenges to removal order").

6.     The petitioner challenges his detention rather than his removal order wherefore this Honorable Court possesses jurisdiction to consider the Petitioner's § 2241 habeas corpus petition. *See, Baez v. Bureau of Immigration & Customs Enforcement,* 150 Fed. Appx. 311, 312 (5th Cir. 2005)*; Nguyen v. INS,* 117 F.3d 206 (5th Cir. 1997).

7.  This Court has personal jurisdiction over the Respondents since they may be reached by service. *See, e.g., Braden v. 30th Judicial Circuit of Kentucky,* 410 U.S. 848, 495 (1973).

## Parties

**The Petitioner**

8.  The Petitioner is a native of Palestine and is a citizen of Jordan. Petitioner had been in the United Sates in the States of California in the city of Bakersfield, on or about February 4, 1999, as a visitor and on or about August 2004 after Petitioner has been released from ICE custody under order of supervision, the Petitioner was granted work permit and a social security valid for work.

9.  However on about , 2000, Petitioner was arrested and convicted of Corporal Injury to Spouse, and appeared to the United States Superior Court of Bakersfield, CA , Petitioner was released , however Petitioner had to do fifty two (52) weeks of Anger Management . On May 5, 2003 Petitioner was issued a Final Order of Removal by an Immigration Official and was detained (15) fifteen months since Jordan refused recognized and failed to aver Petitioner as their citizen. Respondent has been in the custody of DHS / ICE, for the second time  since May 31, 2018

10.  Petitioner's final order of removal was issued on May 5, 2003 by an Immigration Official, at Florence Arizona Processing Center, when Petitioner's appears for his first Master Hearing, Petitioner was ordered removed to Jordan .Petitioner reserved the right to appeal the decision and filed a case appeal with the Board for Immigration Review (BIA) on June 14, 2004.On July 22, 2004, the BIA dismissed his case appeal.

11.  Unfortunately, Petitioner is Stateless because Palestine is not recognize as a State, and Jordan does not recognize Petitioner as it Citizen, since Petitioner was naturalized by Jordan and left the Country for more than five (5) year and lose his Citizenship. Jordan has refused to issue any travelling document on behalf of Petitioner. For this reason, Petitioner was released from custody on June 14, 2004.

**12.** Petitioner had sent several letters to the Jordan consulate to expedite his removal, and none of his request was responded. Petitioner has been in the United States since 1999, had certain members of his families, United States Permanent Resident father, two (2) siblings both USA Permanent Resident . Petitioner has no social ties in Jordan.

**13.** Petitioner had his ninety (90) days (3 months) Custody Review on or about 10/17/2018, Petitioner was order to remove on May 5 2003 while he was in their custody and was released on or about August, 2004. The Petitioner also met with the Deportation officer on or about 10/18/2018, where he was informed his case has been sent to Washington D.C. for a decision, since Jordan had refused to issue any travel document on his behalf. *Id.* Petitioner had cooperated with ICE/DHS, and had put in every effort to ensure his removal. *Id*

**14.** Sadly, DHC/ICE, is still detaining Petitioner knowing very well and for a fact that Petitioner is Stateless, and can not be remove to any country. Petitioner is falsely detained with no possibility of been remove in the future. DHC/ICE continuance detention of petitioner is very unconstitutional.

## Respondents

11. Diane Witte, Field Office Director (**FOD**), El Paso, Texas, is directly responsible for the continued detention of the Petitioner and his removal from the United States.

12. Jeff Sessions, United States Attorney General is responsible with promulgating and interpreting the laws governing immigration and naturalization in the United States of America.

13. Kirstjen Nielsen, Secretary of the U.S. Department of Homeland Security is responsible with administering the laws relating to the detention, processing, and removal of aliens for their removal from United States.

## Exhaustion of Remedies

14.     *Zadvydas v. Davis, 533 U.S. 678 (2001) nor Clark v Martinez, 543 U.S. 371 (U.S. 2005),* the Supreme Court decisions controlling the Petitioner's case require that Petitioner exhaust all administrative remedies.

15.     Petitioner has cooperated with his Deportation officer and the Jordan Embassy to help effect his removal. Petitioner signed all document(s) provided by the ICE.

16.     The Petitioner's remedy for release of his physical custody lies with this Honorable Court.

## Venue

17.     The petitioner is currently detained at ICE Processing Detention Center in El Paso, Texas, 8915 Montana Avenue, El Paso, Texas 79925, since May 31, 2018.

18.     Venue therefore lies in the U.S. District Court, Western District of Texas, El Paso Division. *See, Rumsfeld v. Padilla,* 542 U.S. 426, 443 (2004) (jurisdiction lies in only one district: district of confinement).

## Procedural History and Relevant facts of the case

19.     The Petitioner, 38 years old male, native of Palestine  and a former citizen of Jordan , who last entered the United States on around, at the age of 17 years old.

20.     The Petitioner has been detained beyond the presumptive 6 months period as the time set forth in *Zadvydas v. Davis,* 533 U.S. 678 *(2001) and* Clark v Martinez, *543 371 (2005).*

21.     In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court found that the "indefinite detention statute," 8 U.S.C. § 1231(a)(6), INA § 241(a)(6), as applied to aliens that have been admitted to the United States, was unconstitutional and therefore set a "6 month[s]" time period as "reasonably necessary" to effectuate,  the removal of an alien who has been ordered removed from the United States.

22.     However, the Supreme Court in Zadvydas v. Davis failed at that time to extend such favorable consideration to those deemed inadmissible, i.e., Mariel detainees and other aliens who have not been admitted to the United States.

23.     Subsequently in *Clark v. Martinez*, 543 U.S. 371 (U.S 2005), the Supreme Court held that presumptive "6 month" period applied also to inadmissible aliens. Id. 379.

24.     The Petitioner is deemed deportable alien who was ordered of removal by an Immigration Officer  before entering the United States as a Citizen of Jordan.

25.     The Supreme Court's decisions in *Zadvydas v. Davis* and *Clark v. Martinez* are therefore controlling in the instant case.

26.     Based on the foregoing reasons, ICE, the agency responsible for making the determination to release the Petitioner, has found that the Petitioner should remain detained pending the removal of the Petitioner.

27.     The burden of proof is upon ICE to demonstrate under the "commonly accepted substantive standards" that there exists a 'special justification' that might outweigh the aliens' powerful interest in avoiding physical confinement 'under [individually ordered] release conditions that may be violated.' ''*Demore v. Kim*, 538 U.S.510, 513 (2003) ("Due process [in the civil detention context] calls for an individual determination" of dangerousness factors when someone continues to be detained *beyond the brief removal period* [six months according to *Zadvydas v. Davis* and *Clark v. Martinez*]).

28.     ICE has failed to provide to the Petitioner with evidence supporting their claim that the Petitioner presents a danger to the community or to the National Security of the United States.

29.     ICE did not charge the Petitioner with inadmissibility pursuant to 8 U.S.C § 1182(a) (3), INA § 212(a) (3), relating to inadmissibility under "Security and related grounds."

30.     ICE did not place the Petitioner in "Alien Terrorist Removal Procedures" pursuant to 8 U.S.C § 1531 et seq.

31.     More than six months have passed since Petitioner has been detained.

32.     The Petitioner's detention records lack's any derogatory information or negative incident.

31.       The Petitioner is willing to subject himself to, including, but not limited, to imposition of monetary or secured bail measures, home confinement, telephonic and electronic monitoring, restrictions and association, geographical restrictions, reporting requirements, or whatever form of restrictive non-custodial measures deemed as lawful by ICE and this Honorable Court.

32.       If released, Petitioner will reside at 16279 Apple Valley Rd Apt number 3 Apple Valley, CA 92307 with his American Citizen Fiancé.

33.       No special circumstances exist to justify petitioner's continued detention:

- Petitioner is not an alien with a "highly contagious diseases posing a danger to the public." See 8 C.F.R. § 241.14(b).

- Petitioner's release would not cause "serious adverse foreign policy consequences." See 8 C.F.R. § 241.14(c) (1) (II). There is no indication the Petitioner's release would have "serious adverse" foreign policy consequences.

- Petitioner was never and is not now detained on account of security or terrorism concerns. See 8 C.F.R. § 241.14 (d) (1).

- Petitioner has not committed a violent crime as defined in 18 U.S.C § 16 as would classify him as "especially dangerous." See 8 C.F.R. § 241.14 (f) (1). His release therefore would not pose a special danger to the public. See 8 C.F.R § 241.14(f).

## COUNT I

34.       ICE'S continued detention violates the Petitioner's Fifth and Fourteenth Amendment Constitutionally protected Due Process rights to remain free from unlawful civil detention beyond the time required by law and the controlling Supreme Court case laws.

## COUNT II

35.        Petitioner's continued detention beyond the six months denunciation   in the Supreme Court's decision in *Zadvydas v. Davis and Clark v. Martinez* violates the "Constitution" laws, or treaties of the United States of America.

## COUNT III

**36.**        ICE's failure to follow the procedures and principles enunciated in the controlling Supreme Court decisions in *Zadvyas v. Davis and Clark v. Martinez* violates the Petitioner's Procedural and Substantive Due Process Rights as guaranteed by Constitution of the United States. See *Zadvydas v. Davis*, id. 692.

### Conclusion

**WHEREFORE,** for the forgoing reasons and good cause shown, the Petitioner respectfully requests this Honorable Court;

- Declare that the continued detention of the Petitioner violates the Petitioner's constitutionally protected Fifth and Fourteenth Amendment and Due process rights,
- **Grant** the instant writ of habeas corpus;
- Or, in the alternative, issue an **ORDER** to show cause as to why the Petitioner should remain detained beyond the period specified in *Zadvydas v. Davis and Clark v. Martinez.*

Respectfully submitted,

*Mahmoad·S =DAiS*

IDAIS, Mahoud S, *Pro Se*
A # 079-637-894

### Certificate of Service

I hereby certify that on this date I served a true and correct copy of the forgoing Petition for Writ of Habeas Corpus upon the individuals listed below, via First Class U.S. Mail, postage prepaid on __11/5/2018_____

Diane Witte
Acting Field Office Director
Immigration and Customs Enfoncement
11541 Montana Avenue
Suite E
El Paso, Texas 79936


Kirstjen Nielsen
Secretary of U.S. Department of Homeland Security
245 Murray Lane S.W.
Washington, D.C. 20528

Jeff Sessions
Attorney General United States of America
U.S. Department of Justice
950 Pennsylvania Ave, NW
Washington, D.C 20530-0305

IDAIS, Mahoud S, *Pro Se*
A # 079-637-894

DIAS, Maboud S.
A # 079-637-894
ICE Processing Center
8915 Montana Avenue
El Paso, Texas 79925

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION
525 Magoffin Street
El Paso, Texas 79901